**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUCIO HERNANDEZ ZAMARRIPA, | Case No. 1:26-cv-01338-JLT-SKO |
| Petitioner, | CORRECTED ORDER DENYING THE PETITION FOR HABEAS CORPUS[2]; AND DENYING RESPONDENTS' MOTION TO DISMISS |
| v. | |
| MINGA WOFFORD, et al.,[1] | |
| Respondents. | (Docs. 1, 2, 7.) |

## I.    INTRODUCTION

Before the Court for decision is Lucio Hernandez Zamarripa's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting that Petitioner's detention is

---

[1] Respondents move to strike and dismiss all unlawfully named officials. (Doc. 7 .) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* held that "*Padilla* set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition," 109 F.4th at 1197, *Doe* did not necessarily preclude naming more than one respondent so long as the immediate custodian is named. Given that Petitioner has named her immediate custodian as a Respondent, the Court declines to dismiss all the remaining named Respondents and **DENIES** Respondents' Motion to Dismiss (Doc. 7.)

[2] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 2) Because the Court denies Petitioner's petition for writ of habeas corpus, the motion for temporary restraining order (Doc. 2) is **MOOT**.

mandatory under 8 U.S.C. § 1226(c)(1)(A). (Doc. 8.) Thus, the Court **DENIES** the petition for writ of habeas corpus.

## II.      FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 62-year-old citizen of Mexico who entered the United States without inspection and has resided in this country for more than 20 years. (Doc. 1 at 4.) On May 26, 2004, Petitioner was convicted in the Superior Court of California, County of Contra Costa of battery of his spouse. (Doc. 8-1 at 3.) He was sentenced to 20 days in jail and three years of probation. (*Id*.) On August 26, 2009, Petitioner obtained a green card and became a lawful permanent resident. (Doc. 1 at 4.) On February 11, 2016, Petitioner was convicted of assault likely to produce great bodily injury under California Penal Code § 245(a)(4) in the Superior Court of California, County of Contra Costa. (Doc. 8 at 1-2.) He was sentenced to 364 days in prison and three years of probation. (*Id*.)

Petitioner most recently arrived in the United States on January 7, 2026 at the Oakland International Airport following a trip to Mexico. (Doc. 8 at 2.) Upon arrival at the airport, he presented his lawful permanent resident card and Mexican passport to an immigration officer seeking admission into the United States. *Id*. Petitioner was referred for a secondary inspection due to his criminal history and for a determination of inadmissibility. *Id*. During secondary inspection, he admitted to being convicted for a violation of California Penal Code §245(a)(4). *Id*. He also admitted he was sentenced to 364 days in prison and 3 years of probation for this conviction. *Id*. Following the conclusion of this interview, immigration officers took him into immigration detention and have held him in custody since that date. The Department of Homeland Security charged Petitioner as an arriving alien who is inadmissible to the United States as one who has been convicted of a crime of moral turpitude under 8 U.S.C. § 212(a)(2)(i)(I). (*Id*.) Petitioner is currently detained at Mesa Verde ICE Processing Center in Bakersfield, California.

On February 16, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention violates due process and the INA. (Doc. 1.) Respondents oppose the Petition and issuance of preliminary injunctive relief and maintain that

Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(A). (*See generally* Doc. 8.)

### III.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   ANALYSIS

In the instant petition for writ of habeas corpus, Petitioner claims to be a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) in which the district court certified a class of noncitizens regarding bond eligibility. In *Bautista*, the district court certified the following class:

> Bond Eligible Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at \*32. Subsequently, the court entered final judgment against the respondents and declared that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at \*1 (C.D. Cal. Dec. 18, 2025).

Here, however Petitioner is detained under 8 U.S.C. § 1226(c)(1)(A) and is excluded from the class.[3] Section 1226(c) mandates that DHS take into custody any noncitizen who has

---

[3] In his motion for a temporary restraining order, Petitioner alleges that after being detained on January 7, 2026, DHS placed him in removal proceeding pursuant to 8 U.S.C. § 1229(a). As evidenced by Petitioner's A-File, (Doc. 8-1), this is incorrect. According to his Notice to Appear, Petitioner was charged pursuant to 8 U.S.C. §

been convicted of "a crime involving moral turpitude." 8 U.S.C. §§ 1226(c), 1182(a)(ii)(A)(2). As Respondents note, Petitioner is charged as removable relating to his convictions for assault with a deadly weapon or force likely to produce great bodily injury (Doc. 8 at 3), and that crime constitutes a crime of moral turpitude in the immigration context. *See Bermudez Guzman v. Barr,* 831 F. App'x 818, 832 (9th Cir. 2020) (holding that § 245(a)(4) is crime involving moral turpitude). Accordingly, Petitioner is detained under § 1226(c)—not § 1226(a)—and thus, the government was not required to provide him with a pre-deprivation bond hearing before detaining him.

**V.      CONCLUSION AND ORDER**

1.      Petitioners' petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2.      Respondents' motion to dismiss Petitioner's petition for writ of habeas corpus (Doc. 7) is **DENIED**.

3.      The Clerk of Court is directed to close this case and enter judgment for Respondents.

IT IS SO ORDERED.

Dated:    **March 6, 2026**

UNITED STATES DISTRICT JUDGE

---

212(a)(2)(i)(I). (Doc. 8-4.)

4